**IN THE UNITED STATES BANKRUPTCY COURT**
**District of Puerto Rico**

In the Matter of:

SAMUEL VALENTIN HERNANDEZ

Debtor(s)

Case No. 11-01075 ESL

Chapter 13

## MOTION IN COMPLIANCE

**TO THE HONORABLE COURT**:

The undersigned, attorney for the above-named debtors, notifies the Court as follows,

1. This Court granted debtor opportunity to provide additional information and documents in order to amend Schedule J as per docket number 13. Time to answer was extended to May 23, but we could not comply as expected because father in law died on Thursday morning and was buried on Monday 23. All theses events delayed greatly our availability and reduced our capacity to address this matter in the time frame expected. We request the court's indulgence in this regard.

2. The situation emerged out of a motion for dismissal filed by the trustee objecting expenses disclosed in Schedule J, specifically that debtor allegedly testified that he paid $50.00 per month to his church as tithes instead of the $250.00 disclosed. The trustee also objected as too high a cushion debtor reserved for contingencies in the amount of $248.00.

3. In open court we replied for that his second Mortgage with Banco Santander had a variable interest and could change during the life of the plan putting at risk his capacity to comply with a plan with a higher monthly payment. We also answered for debtor that his alleged testimony at the meeting of creditors expressing that he paid a lesser amount than reported was due to misunderstanding of the question as posed by the trustee. As per the outcome of the hearing, debtor would verify both the information about the second mortgage payment and the tithes in order to amend Schedule J and plan.

4. As a result of the situation, debtor visited Banco Santander and requested a written statement related towith his future monthly payments. He was interviewed by Mrs. Jenniffer Colon (Phone 787-777-4115) and she told him that she was unable to provide a written statement of future payments because this was not foreseeable and needed an evaluation from time to time. Until the last 2 years payments have been in the amount of $450.00 and this amount

could change based on debtors ability to pay and current interest rates, after new evaluation of the case after present agreement expires within six months. Therefore, a written statement was impossible to obtain despite debtor's efforts to get one.

5. When we discussed the issue of tithes with debtor he expressed that his relationship with the church was not based on money and his duty to pay was a matter of conscience. He did not feel comfortable requesting a statement to his pastor of how much he pays as tithes, and besides, he did not identify payments as to allow an accurate accounting for that contribution. He preferred, if necessary, to put himself at risk following the trustee's assumption that he pays a lesser amount and would not challenge that affirmation.

6. With the above scenario we wonder if still there is a need to amend Schedule J and Plan and it seems that there is no need to do that. Wherefore, we proceed to explain.

7. Debtor's income qualifies to file a relief under chapter 7. The reason he filed a chapter 13 is that he want to pay a debt with codebtor and pay some amount to unsecured creditors. His income come from a Pension paid by Pfizer and Social Security benefits for his disability. If we take into consideration debtor's pension exclusively, the scenario is as shown below,

| Item description | | Income | Expenses | IRS |
|---|---|---|---|---|
| | | $1,100.00 | | |
| | | | | |
| Home mortgage | | | $543.00 | $1,142.00 |
| Utilities: | Electricity | | $160.00 | |
| | Water | | $50.00 | |
| | Telephone | | $97.00 | |
| | Other: | | $90.00 | $148.00 |
| Home Maintenance | | | $60.00 | |
| Food... | | | $400.00 | $300.00 |
| Clothing | | | $35.00 | $86.00 |
| Laundry and dry cleaning | | | $35.00 | |
| Medical/dental expenses | | | $100.00 | $60.00 |
| Transportation | | | $250.00 | $342.00 |
| Recreation, | | | $50.00 | |
| Charitable contributions. | | | | |
| Second Mortgage | | | $450.00 | |
| | | | $2,320.00 | $2,078.00 |

8. Debtor's expenses are higher than his income either according to IRS standards for Puerto Rico or the disclosed expenses in Schedule J, even excluding tithes or a cushion.

9. The other income that makes a difference from the trustee's perspective comes from Social Security. However, under §101 of the Bankruptcy Code, income from Social Security is not considered as disposable income and this how it has been interpreted by Bankruptcy courts in various jurisdictions (several decisions on this matter attached as exhibit).

10. Judge Sara the Jesus has followed this view (case 08-07137, although an opinion was not written). The opinion of this court in case 09-06219 also seems to support the interpretation that social security income is not disposable income under §101. Therefore, debtor has more leeway to make used of it without the constrains of §1325.

11. Debtor has disclosed his social security income in Schedule J and used it for reasonable expenses. These expenses are the reservation of $248.00 per month (about $8.27 per day) as a cushion, because he assists his daughter in her university expenses and he also reserves an amount of $228,00 to support his church as an inherent constitutional right to pursue a religious belief.

12. If this court followed the interpretation given to sections §101 and §1325 in the instances cited, we are afraid that the trustee's position only invites the court to give consulting opinions of how this income should be used in every particular case. We believe that absent debtor's complete disregard to help with his financial reorganization, the trustees position should not be endorsed. It is also debtor's position that debtor's plan should be confirmed as proposed without further amendments or additional evidence about his expenses, in view of the explanation provided in this motion.

**WHEREFORE**, we request from this Honorable Court to take notice of the informed above, deny motion for dismissal, excuse debtor to amend and provide documents. Debtor also request the confirmation of plan dated February 13, 2011.

**I HEREBY CERTIFY**, filed the present motion using the ECF system that will send copy of this motion to the trustee and all other participants.

In Vega Baja, Puerto Rico, on this May 24, 2011.

**s/ JUAN O. CALDERON LITHGOW**
ATTORNEY FOR DEBTOR, 205607
PO BOX 1710
VEGA BAJA, PR 00694-1710
TEL.: 787-858-5476

**Addendum of relevant court's decisions**

**In re Schanuth, 342 B.R. 601, 605 (Bankr.W.D. Mo. 2006)** ("In light of § 101(10A)'s explicit exclusion of social security benefits from the calculation of CMI, . . . the Court cannot compel the Debtors to include those benefits in their calculation of disposable income.") ("[T]here is nothing in the statute that precludes the Debtors from voluntarily devoting a portion of that [Social Security] income to a chapter 13 plan or that prevents the Court from considering that income in evaluating the feasibility of a plan proposed by the Debtors.").

**In re Rotunda, 349 B.R. 324, 330-33** (Bankr. N.D.N.Y.2006) ("The statute expressly excludes benefits received under the Social Security Act from CMI. . . . It was . . . Congress' decision to exclude Social Security benefits from the payment of unsecured creditors' claims even in a chapter 13 context. This is a policy decision that the Court may perhaps question but it cannot alter. . . . The Court concludes that the Trustee's objection, based on the fact that the Debtors in this case are not providing for the payment of the entire net income as calculated on Schedules I and J, which includes Social Security benefits, in satisfying not only secured, priority and administrative claims but also the unsecured claims, is without merit.") (Debtors can voluntarily devote portion of social security income to plan to make it feasible.)

**In re Siegel, 2006 WL 3483987** at 2 (Bkrtcy.D.S.C. 2006) ("In this district the Court considers income and expenses from both Form B22C and from Schedules I and J for confirmation purposes. . . . In light of the exclusion of Social Security benefits from the current monthly income calculation, the Court cannot compel the Debtors to fund a plan using this income.") ("The Court may consider the voluntarily devoted Social Security benefit as income in the disposable income and feasibility analyses. This is consistent with the Bankruptcy Code permitting a chapter 13 plan with a provision for payment of clams 'from property of the estate or property of the debtor' . . . § 1322(b)(8).")

**In re LaPlana, 363 B.R. 259**, 265 Bkrtcy.M.D.Fla., 2007) ("[P]arties calculating projected disposable income must use the same income exclusion, e.g. social security income . . . as permitted in the means test.").

**In re Pohl, 2007 WL 1452019**, (Bkrtcy.D.Kan., 2007) ("[T]his Court could not force these Debtors to use their excludable income (social security) to fund a plan . . . .").

**In re McCarty, 376 B.R. 819,** 825 (Bkrtcy.N.D.Ohio 2007) (Congress has re-defined disposable income to now specifically exclude certain items which may be reflected on debtor's Schedule I, including Social Security benefits.).

**In re Barfknecht**, 378 B.R. 154, 164 (Bkrtcy.W.D.Tex. 2007). ("[I]n calculating projected disposable income, we are constrained to begin with the debtor's disposable income as that term is defined for us by Congress in the statute. Thus, we conclude that benefits received under the Social Security Act are not income for the purposes of calculating projected disposable income and cannot be considered as part of the ability to pay test of section 1325(b)(1)(B).").

**In re Musselman, 2007 WL 4357161** at 7 (Bankr.E.D.N.C. 2007) ("If Congress had intended for 'projected disposable income' to continue to be a figure derived by subtracting Schedule J expenses from Schedule I income, Congress would not have changed the definition of disposable income in § 1325(b)(2) and (3) which employs current monthly income as defined in § 101(10A), which in turn specifically excludes benefits received under the Social Security Act . . . .").

**In re Lanning, 2007 WL 1451999**, Bkrtcy.D.Kan., 2007, affirmed 2007 WL 4348055 (10th Cir.BAP (Kan)). ("[T]o the extent the definition of "disposable income" contained in § 101(10A)(B) or § 1325(b)(2) excludes certain income (such as Social Security benefits . . .), and those items are

reflected on Schedule I, the Court should also exclude those items from Schedule I in determining 'projected disposable income,' where relevant."); see also, In re Beasley, 342 B.R. 280 (Bankr. C.D. Ill. 2006) (Social Security income was not to be considered in determining applicable commitment period).

**In re Johnson, 346 B.R. 256** (Bkrtcy.S.D.Ga.,2006. In considering debtor's good faith in filing Chapter 13 plan, bankruptcy court cannot consider debtor's income from sources from which debtors are not required to contribute income under Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA), including qualifying child support payments, foster care payments, and disability payments for dependent child, benefits received under Social Security Act and certain payments to victims of terrorism, war, and crimes against humanity, certain contributions to employee benefit plans, and repayments of loans from employee benefit plans. 11 U.S.C.A. §§ 101(10A)(B), 541(b)(7)(A, B), 1322(f), 1325(b)(2); 26 U.S.C.A. § 401(k); Employee Retirement Income Security Act of 1974, § 3(3), 29 U.S.C.A. § 1002(3).

**In re Upton, 363 B.R. 528** (Bankr.S.D.Ohio, 2007). "According to Schedule J, the Debtors in this case have net monthly income in the amount of $2,689.98, and their monthly chapter 13 plan payment is only $2,150. As a result, the Debtors have approximately $539 of monthly net income that is not being committed to the plan, which will allow the Debtors to accumulate approximately $32,340 in savings, or surplus, over the life of the plan. This fact weighs heavily against a finding that the Debtors' plan is proposed in good faith pursuant to 11 U.S.C. § 1325(a)(3). As observed by the court in In re LaSota, 351 B.R. 56 (Bankr.W.D.N.Y.2006), neither the projected disposable income test, nor § 1325(a)(3)'s good faith requirement, either independently or in combination, permit debtors to accumulate savings while paying unsecured creditors less than 100%. Unless the Debtors can show justification for reserving such an amount, the Court would find it difficult to approve the Debtors' plan as proposed. The Debtors did not present any evidence regarding good faith at the hearing, but instead intimated that good faith could be determined as a matter of law. This Court disagrees and will defer its ruling on the Trustee's objection to confirmation based on his assertion that the Debtors' plan has not been proposed in good faith to allow the Debtors an opportunity to present evidence regarding that issue."

**In re Ward, 359 B.R. 741, 744–45** (Bankr. W.D. Mo. 2007). "Accordingly, the Debtor is correct that her social security income is not required to be included in the analysis of whether she is contributing all of her "projected disposable income" to her plan under § 1325(b)(1)(B). Her Plan, which proposes to pay all of her

projected disposable income except social security income, meets the requirements of § 1325(b)(1)(B)." // "The question thus remains as to whether a debtor taking advantage of a BAPCPA benefit expressly authorized by Congress might still be unfairly manipulating the Code. However, since the Trustee has not here raised bad faith as a basis for denying confirmation, I need not decide that issue here."

**In re Devilliers, 358 B.R. 849**, 865–66 (Bankr. E.D. La. 2007). "As a result, while the benefits attributable to social security are excluded from the calculation of disposable income, both the payroll taxes incurred as a

result of their payment, as well as debtor's actual medical expenses are susceptible to objection by Trustee as an unnecessary or unreasonable deduction from current monthly income. Because social security income is both available and answerable to pay these expenses, debtor will bear the burden of establishing the reasonableness of any requested deduction from current monthly income for this purpose. Therefore, this Court holds that social security benefits are excluded from the calculation

of projected disposable income under § 1325, but also notes that the exclusion may raise issues as to the deductibility of medical and payroll tax expenses."